**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **KHAALIDA BOOTH,** | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. __________** |
| | § | |
| **CVS PHARMACY, INC.** | § | **JURY DEMAND** |
| ***Defendant.*** | § | |
| | § | |
| | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

## I. INTRODUCTION

1. Khaalida Booth work or worked at CVS Pharmacy for eight (8) years and was a Store Manager for the lion share of her employment. She requested and was approved for medical leave due to a serious injury and was terminated shortly thereafter while on approved medical leave. Additionally, Defendant CVS intentionally misclassified Plaintiff as an exempt employee and failed to pay her overtime.

## II. PARTIES AND SERVICE

2. Plaintiff Khaalida Booth is a resident of Harris County, Texas. Ms. Booth worked a CVS store located at 7710 N. Gessner Houston, TX 77040 (Store #6005).

3. Defendant, CVS Pharmacy, Inc. ("CVS") is a corporation duly authorized to conduct business within the State of Texas and may be served with process by serving its Registered Agent, CT Corporation System located at 1999 Bryan Street, Ste. 900, Dallas, Texas. CVS operates and various CVS pharmacies throughout the State of Texas.

**III.**
**JURISDICTION AND VENUE**

4. The subject matter in controversy is within the jurisdictional limit of the court.

5. The court has jurisdiction over the claims.

6. Venue is proper in Travis County, Texas, pursuant to Tex. Civ. Prac. & Rem. Code §15.002 *et. seq.* because all or a substantial part of the events or omissions giving rise to the claims arose in Harris County.

**IV.**
**FACTS**

**A. FMLA RETALIATION**

7. Plaintiff was employed by the Defendant, CVS Pharmacy, Inc. ("CVS Pharmacy"), in various capacities, since July 2012, but served as Store Manager (Store #6005) from April 2013 to November 10, 2020, when she was terminated.

8. As a part of Plaintiff's employment with CVS Pharmacy, the Plaintiff was entitled the benefit of a progressive disciplinary policy. In accordance with this policy and practice, a first incident results in a verbal warning (Level I), a second incident results in counseling (Level II), a third incident results in a final warning (Level III), and a fourth incident results in termination (Level IV).

9. On October 19, 2020, Plaintiff sustained a serious leg injury during a fall and was unable to perform her work duties. Due to her injury, Plaintiff took medical leave (FMLA) October 20, 2020.

10. On November 10, 2020, Defendant terminated Plaintiff allegedly because she changed the store hours to close at 10:00pm instead of 12:00am. Plaintiff changed the store hours to close earlier in order to protect herself and her employees after a string of violent

robberies.

11. Plaintiff has not received any prior warning regarding her work performance. Plaintiff had not prior write-ups or disciplinary history.

12. In addition to being blindsided by the unwarranted, yet telling, escalation of disciplinary actions directly to Level IV offense, Plaintiff obtained prior approval to change the store hours from the same supervisor who terminated her. Specifically, Plaintiff obtained approval to change the store hours from her District Leader and supervisor, Akash Patel, in August 28, 2020, after a robbery, and again on September 16, 2020, in a meeting between Plaintiff and Patel, and a store employee who was involved in the August 2020 robbery, Austin Harmon, was present during this meeting.

13. What's more, CVS did not return the store hours to close at midnight until several weeks after Plaintiff was out on medical leave.

14. Further, Plaintiff did not change the store hours unilaterally, *or out of convenience*, but out of necessity because her employees were refusing to work past 10pm out of fear of being robbed, assaulted or worse, after CVS routinely denied Plaintiff's and her employees requests for additional staffing and safety measures to be implemented in the store. An issue Patel was made well aware of since the violent robbery on August 27, 2020, and before.

15. Approval notwithstanding, Akash Patel was aware that the store hours were changed nearly two months before he terminated Plaintiff, and the fact that Plaintiff received no reprimand, warning or instructions to revert the store hours any time prior to her taking medical leave (or thereafter) is prima facie evidence that CVS's stated reason for terminating Plaintiff is pretextual, and that she was terminated in retaliation of exercising

her rights under the FMLA.

16. Akash Patel informed Plaintiff that she was compensated at a higher amount than other Store Managers. Akash Patel would frequently sarcastically remark to Plaintiff that she was a "high-paid Manager."

17. Upon information and belief, Plaintiff was compensated at a higher salary than the average salary for Store Managers within her district. CVS was required to pay Plaintiff a portion of her salary while she was on medical leave under its compensation/benefits plan. CVS terminated Plaintiff to avoid paying her while she was on medical leave.

18. Accordingly, CVS terminated Plaintiff in retaliation of her exercising her rights under the FMLA.

19. As a result of CVS's termination of Plaintiff while she was on approved medical leave, she has lost her benefits and has incurred medical fees associated with her injuries. Additionally, CVS's actions have caused her severe emotional trauma and mental distress for which she now seeks treatment.

**B. FLSA OVERTIME WAGE VIOLATIONS**

20. The reason put forth for Plaintiff's termination–*however fabricated*–elucidates a tangential, nonetheless tortious, revelation regarding CVS's conduct and policy. CVS intentionally misclassified Plaintiff, and upon information and belief, all of its Store Managers, as a salaried, "exempt" employee in order to deprive her of overtime compensation and other benefits she is justly entitled to under the law.

21. Plaintiff's primary duty did not include the exercise of discretion and independent judgment with respect to matters of significance. Plaintiff's job title of "Store Manager" was a misnomer. When in fact, the more appropriate job title would be "Shift Supervisor."

22. Though CVS classifies Plaintiff as an "executive" or "administrator," exempt from overtime pay, Plaintiff spent the overwhelming majority of her time (approximately 90%) performing non-exempt work, such as shelving merchandise, working registers, unpacking boxes, assisting customers, working the photo booth, unloading trucks and taking out trash, for example — rather than performing managerial duties, according to the suit. Almost all of Plaintiff's work hours were spent in the store.

23. The main reason CVS Store Managers, including Plaintiff, must spend the vast majority of their time performing this type of work is because CVS cut the labor budget for its stores significantly, which require the Store Managers, including Plaintiff, to step up and perform more non-exempt duties and work longer hours.

24. Plaintiff received a fixed salary but routinely worked more than 54 hours each week.

25. At all relevant times, CVS's payroll budget set a number of total hours to be worked on a weekly basis by store employees which varied from store to store. CVS policies and/or practices state that a store's payroll budget is determined by sales or revenue generated (meaning the payroll budget could go up or down depending on sales performance).

26. Tellingly, Plaintiff's salary was budgeted into the total weekly hours CVS allotted to her store. Not only does CVS's failure to pay Plaintiff from a budget tiered above the budget designated to non-exempt employees at her store denote that Plaintiff was a glorified supervisor, but what's more is that the weekly payroll budget deficiencies effectively makes Plaintiff's salary subject to reduction because of variations in the quality or quantity of the work performed.

27. Although Plaintiff was the Store Manager, despite the desperate need, she did not have the authority to hire additional employees due to budget constraints. Plaintiff made

several requests to her supervisor for additional employees, but because this would require an increase in the total weekly hours budgeted to her store, her requests were consistently denied. In fact, Plaintiff was unofficially reprimanded any time she went over the allotted payroll budget and needed to pay overtime.

28. Plaintiff had the authority to interview and hire, but she was only allowed to hire applicants from a list provided to her by CVS Pharmacy. When Plaintiff did hire new employees, she did not have complete authority to determine the wage of the new hires.

29. The budget deficiencies were not temporary or benign, but rather static, and effectively manifested a new policy, in that Store Managers', including Plaintiff's, primary duties consisted of performing non-exempt work. CVS policy requires that two full-time employees work in the store at all times. However, CVS's payroll budget prevented Plaintiff from meet this obligation. Consequently, Plaintiff, in order to maintain minimal staffing (not adequate staffing––practically or in compliance to CVS policy) at her store Plaintiff daily worked as a non-exempt employee. Accordingly, Plaintiff did not plan or control the budget.

30. Plaintiff did not determine the merchandise to be bought, stocked or sold, and had very little discretion to modify the quantities based upon her customer base's shopping habits.

31. Plaintiff did not have decision-making authority to provide safety or security of the employees in the store. Plaintiff repeatedly requested for security measures, that were consistently denied.

32. Plaintiff did not have the authority to terminate employees. Though Plaintiff had the authority to recommend termination, when she did recommend employees for termination, CVS Pharmacy did not give weight to, or act on her recommendations.

33. What's more, the little managerial responsibilities Plaintiff was tasked with were not exclusively within her control, access or ability. CVS recently did away with the title of Assistant Manager and retitled it, "Operations Manager." Yet, there is little difference between the capabilities, training and access between a Shift Supervisor, Operations Manager and Store Manager. In fact, in accounting for overtime or hours worked, there is little difference in pay between a Store Manager and Operations Manager.

34. Evidenced by her termination, *inter alia*, Plaintiff clearly did not have managerial freedom or the authority to implement new policies, including changing the store hours of operation–not even for safety reasons.

35. Accordingly, whether applying the Duties test or the Salary test, Plaintiff is not an exempt employee under FLSA, 29 U.S.C. § 212(a)(1), and CVS's failure to pay her overtime is a violation of 29 U.S.C. §207(a)(1) and Plaintiff is entitled to just compensation as provided by the FLSA.

**V.**
**CAUSES OF ACTION**

**COUNT I – VIOLATION OF THE FMLA**

36. Plaintiff realleges and incorporates herein by reference the preceding paragraphs as though fully stated herein.

37. The Family Medical Leave Act ("FMLA") prohibits an employer from interfering with, restraining, or denying the exercise of (or attempts to exercise) any rights provided by the Act. 29 C.F.R. §§ 825.220(a)(1) and (c).

38. The FMLA provides that an employer must reinstate an eligible employee on an approved medical leave to said employee's same position, or to an equivalent position, upon the termination of said employee's leave.

39. Defendant was a covered employer under the FMLA, 29 U.S.C. § 2611(4)(A). At all relevant times herein, Plaintiff was an eligible employee on an approved FMLA leave due to a leg injury she sustained that amounts to a serious health condition that makes her unable to perform her job as defined by 29 C.F.R. § 825.702(d).

40. While on approved job-guaranteed leave, Defendant terminated Plaintiff for a changing her store hours of operation–*an act taken approximately two months prior and with Defendant's express authorization*–and in contrast to Defendant's disciplinary policy.

41. Defendant violated the FMLA by, *inter alia*, failing to reinstate Plaintiff to her prior position or an equivalent position, and by terminating her employment prior to her return to work.

42. As Plaintiff obtained prior authorization to change her store hours, the stated reason for her termination was pretextual, malicious and in retaliation of her exercising her rights under the FMLA. Further, even after terminating Plaintiff, CVS did not return the store hours to close at midnight for several weeks after Plaintiff took leave.

43. As a direct and proximate result of the Defendant's conduct, Plaintiff has suffered damages in an amount equal to her wages and benefits for an undetermined amount of time or salary under 29 U.S.C. § (a)(1)(A)(i). Plaintiff is also entitled to liquidated damages under 29 U.S.C. § 2617(a)(1)(A)(iii) as Defendant did not act in good faith and had no reasonable grounds for believing it was violating the FMLA. Plaintiff is entitled to equitable relief, including employment, reinstatement and promotion under 29 U.S.C. § 2617(a)(1)(B).

44. Finally, Plaintiff is entitled to costs and reasonable attorney's fees pursuant to 29 U.S.C. § 2617(a)(1)(A)(3).

**COUNT II – FLSA CLAIMS AGAINST DEFENDANT CVS**

45. Plaintiff realleges and incorporates herein by reference every allegation contained in the foregoing paragraphs as though fully stated herein.

46. At all times relevant to this action, Defendant CVS has been and continues to be an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA 29 U.S.C. §203(d).

47. At all times relevant to this Complaint, Defendant CVS employed Plaintiff within the definition of the FLSA 29 U.S.C. §203(e)(1).

48. At all times relevant to this Complaint, Defendant CVS has had gross operating revenues in excess of $500,000.00, as required by 29 U.S.C. 203(s)(1)(A)(i) and (ii).

49. The FLSA requires each covered employer such as Defendant CVS to compensate all non-exempt employees at a rate of not less than 1 1/2 the regular rate of pay for work performed in excess of forty (40) hours in a work week.

50. Plaintiff was misclassified as exempt from the right to receive overtime pay under the FLSA. CVS spuriously titles Plaintiff's position as "Store Manager," but such title cannot does not change the legal meaning of "exempt" employee.

51. Plaintiff is entitled to be paid overtime compensation for all overtime hours worked.

52. At all times relevant to this action, Defendant CVS had a policy and practice of failing and refusing to pay overtime to its Store Managers, including Plaintiff, for hours worked in excess of forty (40) hours per week.

53. CVS had a policy or practice of paying its Store Managers, including Plaintiff, from the weekly payroll budget allotted to each store.

54. CVS had a policy or practice of underfunding the weekly payroll budget for Plaintiff's store.

55. Accordingly, grouping Plaintiff's hours with those allocated to employees had a direct effect on Plaintiff's compensation.

56. Further, as CVS had a policy or practice of allocating the amount of each stores' weekly payroll budget based upon sales or revenue, CVS fails to meet the salary test because Plaintiff's compensation is subject to change based upon her job performance.

57. As a result of Defendant CVS's failure to compensate Plaintiff and the class she seeks to at a rate not less than 1 1/2 times the regular rate of pay for work performed in excess of forty (40) hours in a work week, Defendant CVS has violated and continues to violate the FLSA, 29 U.S.C. §§201 et. seq., including 29 U.S.C. §207(a)(1) and §215(a).

58. Defendant CVS has failed to make, keep and preserve records with respect to each of the Plaintiff and the class she seeks to represent, sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§201 et. seq., including 29 U.S.C. §211(c) and §215(a).

59. CVS intentionally misclassifies its Store Managers as exempt employees in order to avoid paying overtime wages. Accordingly, Defendant CVS's conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

60. Plaintiff is entitled to damages in the amount of their respective unpaid overtime compensation, plus liquidated damages as provided by the FLSA, 29 U.S.C. §216(b) and other such legal and equitable relief as the Court deems just and proper.

61. Plaintiff requests recovery all reasonable attorney's fees and costs incurred in bringing this action as provided by 29 U.S.C. §216(b).

## VI.
## PRAYER

62. Plaintiff prays for relief and judgment on all causes of action against Defendants as

follows:

1. Judgment awarding Plaintiff general and special damages, including but not limited to, lost earnings, benefits, out-of-pocket expenses, lost future earnings and benefits, all unpaid overtime compensation, liquidated and exemplary damages, and reasonable attorneys' fees and costs under the FLSA;

2. A declaratory judgment that the practices complained of herein are unlawful under FLSA 29 U.S.C. § 201 et. seq.;

3. An injunction against Defendant CVS and its officers, agents, successors, employees, representatives and any and all persons acting in concert with CVS as provided by law from engaging in each of the unlawful practices, policies, patterns set forth herein;

4. An award of post-judgment interest on all amounts awarded at the highest rate allowable by law; and

5. All such other and further relief that Plaintiff may be justly entitled.

Respectfully submitted,

**ANDRE EVANS & ASSOCIATES, PLLC**

***/s/ Andre D. Evans***
ANDRE D. EVANS
Federal Bar I.D. No. 2553080
Texas State Bar No. 24082970
3003 South Loop West, Suite 108
Houston, Texas 77054
T: (832) 304-1059
F: (832) 778-8353
andre@attorneyandreevans.com

**ATTORNEY FOR PLAINTIFF**